UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X          **COMPLAINT**
J.L. and C.L. parents and natural guardians of A.L. and          Docket No.:
A.L. Individually,

                              Plaintiff,


            -against-


THE CITY OF NEW YORK & NEW YORK CITY
DEPARTMENT OF EDUCATION,

                              Defendants.


-----------------------------------------------X

## PRELIMINARY STATEMENT

1.   At all times and times herein mentioned, plaintiffs J.L. and C.L. were and are the

parents and natural guardians of A.L. as defined by IDEA, 20 U.S.C. § 1401 (23).

2.   A.L. is a child with a disability as defined by IDEA, 20 U.S.C. § 1403(3)(A).

3.   Defendant(s) classified A.L. as a child with a disability.

4.   During the relevant dates referenced herein, the plaintiff resided in Jamaica, New

York.

5.   The defendants, the City of New York (hereinafter "City") and the New York City

Department of Education (hereinafter "DOE") are municipal entities duly existing by virtue of

the law of the City and State of New York.

6.   Defendant DOE is a local education agency as defined by IDEA, 20 U.S.C. § 1401

(19), and as such, is obligated to provide educational and related service programs and services

to its students in compliance with the applicable federal and state statutes, regulations and the

United States Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.* and the

regulations thereunder.

7.  The within action is brought to seek judicial review of the underlying due process proceeding in case number 287535. This action is also brought to seek prevailing party legal fees in due process proceedings in case numbers 274127 and 289699 that were consolidated for a joint hearing on January 28, 2025.

8.  As to the claim for judicial review in case number 287535, the hearing proceeded before IHO Harry Christodoulou ("IHO") over a three hearing dates and concluded in a Findings of Fact and Determination ("FOFD") dated June 10, 2025.

9.  A timely Notice of Intention to Seek State Review of the was served on the NYC Law Department, attorneys for the defendants City of New York and New York City Department of Education on June 11, 2025.

10. A timely Notice of Request for Review and Request for Review were served on the defendant(s) on July 18, 2025, and thereafter filed with the NYS Education Department, Office of State Review ("SRO") in Albany, New York.

11. The SRO required an amended Notice of Request for Review and Request for Review be submitted and the amended appeal documents were served by counsel for plaintiff on defendants and filed with the SRO on July 22, 2025.

12. Defendant(s) filed a cross-appeal and plaintiffs timely answered by counsel, served a verified answer on defense counsel on August 25, 2025 and filed said Verified Answer to the Cross-Appeal with SRO. The SRO was required to issue a decision within thirty days of the receipt of all pleadings and has failed to do so as of the date of these pleadings.

13. The SRO transmitted no extensions of time within which to issue a decision to counsel nor requested any such extensions as are required under the IDEA. There has been no explicit documentation, justification or explanation offered for any extension in this matter as required for any extension to have been granted in this matter. 34 C.F.R. §§300.510(b) or

300.515.

14. Substantially more than thirty days from the receipt of all pleadings have elapsed since a decision should have been issued on the appeal of the plaintiff to the SRO. Given the two-tiered appellate process in New York, parties to IDEA due process proceedings must exhaust administrative remedies in both tiers of review to have exhausted administrative remedies.

15. The SRO's silence on the appellate issues raised in the underlying appeal directly violates the IDEA's procedural safeguards and renders the plaintiff's exhaustion of appellate administrative remedies unavailable and futile.

16. The failure of the SRO to answer the plaintiff's appeal makes it appropriate for exhaustion to be excused here because the administrative process is rendered ineffective due to unwarranted delay in the administrative process plaintiff was charged to exhaust and preempted from achieving even after filing an appeal to a due process complaint.

17. Federal courts including those in the Second Circuit have not rigidly required exhaustion where administrative delays have prevented timely relief. The SRO's failure to issue any decision at all, combined with the absence of an extension, places this case squarely within the "exhaustion excused" framework that the Second Circuit has recognized.

18. Turning now to the claim for prevailing party legal fees, a due process complaint in case number 274127 was filed on May 30, 2024. The complaint was amended on September 12, 2024.

19. After prehearing conferences were held before IHO Harry Christodoulou ("IHO") on July 11, 2024. A hearing on interim relief occurred on July 24 and 31, 2024. An order for interim relief was issued on July 31, 2024 awarding IEEs to A.L.

20. A subsequent due process proceeding was commenced in case number 289699

On December 13, 2024 and later amended on January 21, 2025.

21. Case number 274127 and 289699 were consolidated for a joint hearing where plaintiff prevailed in a Fact and Determination ("FOFD") was issued on May 10, 2025. The IHO found that the DOE denied FAPE to A.L., and that additional evaluations and compensatory services should be awarded to A.L.

22. The defendants did not appeal the IHO's determination and the FOFD is final and binding on defendants.

23. The plaintiff has exhausted all necessary administrative remedies prior to bringing the instant action seeking prevailing party attorneys fees in the consolidated cases that proceeded under 274127 in the underlying due process proceedings.

## JURISDICTION AND VENUE

24. Jurisdiction is conferred upon this Court by the Individuals with Disabilities in Education Act (IDEA) at 20 U.S.C. §1400 et. seq., and more specifically 20 U.S.C. 1415(i)(2)(A) and 1415 (i)(3)(B).

25. Pursuant to 20 U.S.C. §1391(b) venue is proper in the Unites States District Court of New York, Eastern District.

## STATEMENT OF FACTS

26. Plaintiff brought the due process proceeding under case number 274127 due to the claims of substantive and procedural inadequacies that denied FAPE to infant A.L.'s in the 2022-2023 and 2023-2024 school years, and further, plaintiff sought IEEs for A.L. due to the defendant(s) failure to engage a triennial review for A.L. in the complained of school years.

27. A later due process proceeding was brought as the IHO determined that relief for additional recommended evaluations from previous IEEs ordered were not before him and he could not provide this additional relief. The later due process complaint was filed under case

number 289699.

28. Both underlying due process matters in case numbers 274127 and 289699 were consolidated for a joint hearing on the merits. The cases proceeded under case number 274127.

29. After holding the hearing over a few dates, the IHO determined in a May 10, 2025 FOFD that FAPE was denied and that the relief requested for IEEs and compensatory services was awarded.

30. In case number 287535, plaintiff through counsel initiated due process proceedings seeking direct funding and tuition reimbursement for A.L.'s unilateral placement in the 2024-2025 school year.

31. The case proceeded to hearings held over two dates and the IHO determined that although FAPE was denied, the unilateral placement was not appropriate and that the student's academic progress in the program could not form the basis for a determination that the program was appropriate. The IHO further determined that if he had decided that the unilateral placement were appropriate the equities would have warranted a 50% reduction in tuition funding and reimbursement.

32. As such plaintiff was denied tuition funding due to the IHO's determinations which were appealed timely.

33. Plaintiff appealed the IHO's decision to the NYS Education Department Office of State Review (hereinafter "SRO"). A Notice of Intention to Seek State Review was personally served on defendants' Office of the Corporation Counsel on June 11, 2025.

34. A timely Notice of Request For Review and Request for Review were served on defendants' Office of the Corporation Counsel of the City of New York appealing the hearing decision of the IHO on several grounds. The case was assigned SRO case number 25-444.

35. The defendant(s) filed a cross-appeal that plaintiff responded to in a Verified Answer

that was properly served on DOE cross-appellant and filed with the SRO.

36.  Plaintiff appealed the IHO's FOFD on the following grounds: (a) that the IHO made improper Findings of Fact in the FOFD, (b) the IHO erred in the Prong Two determination of the Burlington/Carter analysis that the unilateral placement was inappropriate; (c) the IHO erred in the Prong Three determination of the Burlington/Carter analysis in his equities determination; (d) the IHO's improperly denied an award of direct tuition funding and reimbursement to plaintiff for A.L.'s unilateral placement.

## AS AND FOR A FIRST CAUSE OF ACTION: REQUEST FOR JUDICIAL INTERVENTION IN SRO APPEAL DUE TO ADMINISTRATIVE FAILURE OF SRO

37. Plaintiff reasserts and realleges paragraphs one ("1") through thirty-six ("36") as if fully set forth herein.

38. To date, no decision was issued by the SRO or transmitted to counsel for plaintiff.  The SRO's inaction has effectively stopped the plaintiff's exhaustion of administrative remedies without explanation, extension and unreasonable delay.

39. The SRO's decision should have been issued months prior to the filing of this complaint.

40. Given the SRO's lengthy inaction as to the appellate relief sought in the appeal, plaintiff must be excused from further exhaustion the Court has jurisdiction to adjudicate the IDEA claims and grant appropriate relief considering the SRO's failure to decide the issues on appeal in a timely manner.

41. Considering the SRO's failure to decide the plaintiff's appeal, the Court has jurisdiction to decide the issues raised on appeal to the SRO and it is requested that the Court exercise its jurisdiction in deciding the plaintiff's appeal.

## AS AND FOR A SECOND CAUSE OF ACTION:  PREVAILING PARTY ATTORNEYS FEES IN CONSOLIDATED IH CASE NUMBERS 274127 and 289699

42. Plaintiff reasserts and realleges paragraphs one ("1") through forty-one ("41") as if fully set forth herein.

43. Following the IHO's decision in the consolidated underlying due process cases that proceeded under 274127, the DOE did not appeal the findings of fact made in favor of the plaintiff by the IHO.

44. The plaintiff has exhausted all necessary administrative remedies prior to bringing the instant action for attorneys fees in case number 274127 and 289699.

45. The plaintiff is a prevailing party in the underlying due process proceedings pursuant to 20 U.S.C. §1415(i)(3)(B).  Plaintiff obtained favorable results in the underlying due process proceedings that were not occasioned by the defendant City's of DOE's voluntary change of conduct, but rather, was based on the determinations made based on evidence presented during the hearing that resulted in the impartial hearing decision made by the IHO.

46. Plaintiff prevailed in all material respects and received the relief requested in the due process complaint in case numbers 274127 and 289699.

47. As plaintiff is a prevailing party in the underlying due process proceedings which are the subject of the instant litigation, legal fees should be awarded.

48. The relief sought and ultimately obtained in the hearing under case numbers 274127 and 289699 and the relief awarded was substantial for Plaintiff.

49. The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is reasonable in this matter and has been sustained in the Eastern District in prior cases.

50. Plaintiff having prevailed in the underlying proceedings hereby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case numbers 274127 and 289699 and this action.

## REQUESTS FOR RELIEF

51. Plaintiff requests that this court determine the outcome of the appeal submitted to the SRO for which no decision has been issued, and further, render an award in favor of the parent.

52. Plaintiff requests that an Order be issued awarding attorneys fees for the costs of prosecuting each of the underlying due process proceedings and bringing this action seeking legal fees in case numbers 274127 and 289699.

53. Plaintiff also seeks reasonable attorney's fees which have or will be incurred in the prosecution of this action pursuant to 20 U.S.C. 1415(i)(2)(A), 20 USC 1415(i)(3)(B).

54.      Plaintiff also seeks legal fees in case number 289535 for having to bringing this action to resolve the underlying appeal.

Dated: Brooklyn, New York
        January 22, 2026


        *Erika L. Hartley, Esq.*
        Erika L. Hartley, Esq. (Electronically signed)
        **LAW OFFICE OF ERIKA L. HARTLEY**
        Attorney for Plaintiffs
        J.L. & C.L. as m/n/g of A.L. et al.
        238 Covert Street, Suite 2
        Brooklyn, New York  11207
        Office (929) 503-6495, Facsimile (718) 260-6845

To:    Muriel Goode-Trufant, Corporation Counsel
       Office of the Corporation Counsel
       Attorneys for Defendants
       THE CITY OF NEW YORK
       100 Church Street
       New York, New York  10007

       Muriel Goode-Trufant, Corporation Counsel
       Office of the Corporation Counsel
       Attorneys for Defendants
       NEW YORK CITY DEPARTMENT OF EDUCATION
       100 Church Street
       New York, New York  10007

NEW YORK STATE EDUCTION DEPARTMENT
OFFICE OF STATE REVIEW

-------------------------------------------------------------------------------------------------------------------X

JOHANNE LABBE & CALIXTE LABBE as parents and natural guardians of ALLYSON
LABBE,

                                        Plaintiffs,

            -against-



THE CITY OF NEW YORK AND NEW YORK CITY DEPARTMENT OF EDUCATION,



                                        Defendants.


-------------------------------------------------------------------------------------------------------------------X


**COMPLAINT**


-------------------------------------------------------------------------------------------------------------------X




**LAW OFFICE OF ERIKA L. HARTLEY**
Attorneys for Plaintiffs
J.L. & C.L. P/N/G OF A.L.
238 Covert Street, Suite 2
Brooklyn, New York 11207
Office (929) 503-6495, Fax (718) 260-6485